IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL WATTERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:12-CV-196 (MTT) |
| VS. | : | |
| | : | |
| Warden WILLIAM TERRY, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Warden William Terry's Motion to Dismiss. Doc. 9. Because Plaintiff John Michael Watters fails to state a claim upon which relief may be granted against Warden Terry, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff John Michael Watters, who is proceeding *in forma pauperis* in the above-styled case, is currently an inmate at Central State Prison in Macon, Georgia. On May 30, 2012, Plaintiff executed his original complaint with one exhibit attached thereto pursuant to 42 U.S.C. § 1983. Doc. 1.[1] In the original complaint, Plaintiff alleged that Defendants Georgia Department of Corrections, Central State Prison, and Warden William Terry failed to provide him with "medical treatment for blindness that can be corrected." Id. at 5. According to Plaintiff, he had been denied an unspecified medical procedure "due to the fact I would not receive critical aftercare and follow-ups." Id. The exhibit attached to the original complaint, which appears to be physician's notes dated May 2, 2012, indicates that Plaintiff "needs limbal stem cell transplant"

---

[1] Although the Court received Plaintiff's complaint on June 1, 2012, Plaintiff executed his complaint on May 30, 2012, which is construed as the date of filing where, as here, a pro se inmate files his civil rights complaint under 42 U.S.C. § 1983. See generally Lewis v. Barnick, 385 Fed. Appx. 930, 931 (11th Cir. 2010), quoting Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

and that the nonparty physician "will plan on scheduling exam at Emory." Doc. 1-1. In relief, Plaintiff sought injunctive relief in the form of medical treatment at an unspecified facility in Miami, Florida or, alternatively, a medical reprieve. Doc. 1 at 6.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated a cognizable claim for injunctive relief against Warden Terry only and that the Georgia Department of Corrections and Central State Prison should be dismissed as Defendants. Doc. 5. After no timely objections were received, the Court adopted the recommendation. Doc. 8. Warden Terry subsequently filed a Motion to Dismiss. Doc. 9. Plaintiff responded to the Motion to Dismiss. Doc. 11.

## DISCUSSION

Because Plaintiff fails to state a deliberate indifference to serious medical needs claim that is plausible on its face against Warden Terry, the Court should grant the Motion to Dismiss.

1. Applicable Legal Standards

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The

Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

2. Plaintiff's Deliberate Indifference to Serious Medical Needs Claim

The Eighth Amendment prohibits cruel and unusual punishment, which includes deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Nonetheless, not every claim of inadequate medical treatment states a cognizable claim under the federal constitution. Id. "Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotations omitted).

To establish deliberate indifference to his medical needs, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Regarding the subjective component, a prisoner must allege three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim,

the prisoner must show that an injury was caused by the defendant's wrongful conduct. See <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. Accidental inadequacy, negligence in diagnosis or treatment, and even medical malpractice under state law are not actionable under 42 U.S.C. § 1983. <u>Taylor</u>, 221 F.3d at 1258. A prisoner also cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. <u>Estelle</u>, 429 U.S. at 105.

In this case, Plaintiff fails to state a plausible claim for relief regarding deliberate indifference to his serious medical needs because he does not allege facts sufficient to satisfy the subjective component of a deliberate indifference claim. Even if the Court assumes that that Plaintiff's self-diagnosed "blindness" is an objectively serious medical need, Plaintiff does not allege specific facts to show that Warden Terry: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) engaged in conduct that was more than mere negligence. <u>McElligott</u>, 182 F.3d at 1255. The vague and conclusory allegations in the original complaint never articulate how, why, or when Warden Terry exhibited deliberate indifference to Plaintiff's serious medical needs. Plaintiff's response brief is similarly devoid of factual content and mentions Warden Terry only once. Doc. 11. In his response brief, Plaintiff summarily alleges that Warden Terry "denied my grievance, saying 'You have been seen numerous times by an ophthalmologist. Your request should be made through him.'" <u>Id</u>. at 2. As such, Plaintiff does not allege sufficiently specific facts to allow the Court to infer that Warden Terry had subjective

4

awareness of Plaintiff's objectively serious medical need and that Warden Terry had an objectively insufficient response to Plaintiff's medical need. See Farrow v. West, 320 F.3d 1235, 1245-1246 (11th Cir. 2003).

In addition, Plaintiff's apparent preference for a different course of medical treatment, namely, having a limbal stem cell transplant performed at an unspecified facility in Miami, Florida,[2] does not state a cognizable claim for deliberate indifference. Although Plaintiff disagrees with the course of his medical treatment, a mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 106-107; see also Hamm, 774 F.2d at 1575 ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). It is insufficient for Plaintiff to summarily allege that the medical care provided to him was less than optimal or that he would prefer a different course of treatment. Rather, Plaintiff must establish that Warden Terry's response to Plaintiff's medical need "was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff fails to allege sufficiently specific facts to do so.

Finally, insofar as Plaintiff requests a medical reprieve to seek a limbal stem cell transplant, Warden Terry lacks the necessary authority to grant Plaintiff's request. Pursuant to the Georgia Constitution, the State Board of Pardons and Paroles "shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles." Ga. Const. Art. IV, Sec. II, Para. II(a). Regarding medical reprieves, "the State Board of Pardons and

---

[2] Although Plaintiff did not identify the specific facility where he wished to obtain a limbal stem cell transplant in his original complaint, Plaintiff subsequently identified the Bascom Palmer Eye Institute in Plantation, Florida as his most preferred facility. Doc. 11 at 3.

Paroles shall have the authority to pardon any person convicted of a crime who is subsequently determined to be innocent of said crime or to issue a medical reprieve to an entirely incapacitated person suffering a progressively debilitating terminal illness or parole any person who is age 62 or older." Id. at Para. II(e). In other words, the State Board of Pardons and Paroles, and not Warden Terry, maintains the authority to consider Plaintiff's request for a medical reprieve. This case is therefore an inappropriate vehicle to pursue a medical reprieve.[3]

## CONCLUSION

Even after accepting the factual allegations in the original complaint as true and construing those allegations in the light most favorable to Plaintiff, Plaintiff simply does not allege "sufficient factual matter" to state a claim of deliberate indifference to serious medical needs against Warden Terry that is "plausible on its face." Iqbal, 556 U.S. at 678. Consequently, it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 9) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of May, 2013.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge

---

[3] Plaintiff attached an exhibit to his most recent responsive pleading from the Georgia Department of Corrections Offender Handbook, which explains medical reprieves as follows: "A medical reprieve may be granted to a prisoner shown to be suffering from an illness for which necessary treatment is available only outside the State prison system or to a prisoner in deteriorating condition from a terminal illness. The written request for such a reprieve should be submitted to the Board through the Department of Corrections Medical Services Director, which should medically document the need for the reprieve. The request should also include the plan for residence, medical care, and payment of medical expenses." Doc. 11-1 at 2-3.